UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DANETTE D. K., )
 )
        PLAINTIFF, )
 )
vs. ) CASE NO. 17-CV-624-FHM
 )
NANCY A. BERRYHILL, )
Acting Commissioner of Social Security, )
 )
        Defendant. )

## OPINION AND ORDER

Plaintiff, DANETTE D. K., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Danette D. K.'s application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) John W. Belcher was held April 6, 2016. By decision dated May 18, 2016, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 11, 2017. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 52 years old on the alleged date of onset of disability and 56 years old on the date of the denial decision. She has a Bachelor's Degree and her past relevant work includes a tobacco product sales representative. [R. 38]. Plaintiff claims to have been unable to work since April 8, 2013 due to degenerative disc disease of her back and neck with radiculitis into her legs and arms. [R. 30, 221].

## The ALJ's Decision

The ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar and cervical spine, peripheral neuropathy, left knee cyst and tendinosis, carpal tunnel syndrome, and status-post left shoulder arthroscopy. [R. 32]. The ALJ determined that the Plaintiff has the residual functional capacity to perform sedentary work, specifically, Plaintiff can lift and/or carry up to 10

pounds occasionally and 10 pounds frequently; can stand/walk for 2 hours in an 8-hour workday but no more than 15 minutes at a time. Plaintiff can sit for 6 to 8 hours in an 8-hour workday. She can occasionally perform postural movements such as climbing stairs and ramps, balancing, bending, kneeling, stooping, crouching, and crawling. She can never climb ladders, ropes, and scaffolds. She can occasionally overhead reach and frequently finger and handle. Due to medications, she should avoid hazardous or fast-paced machinery, unprotected heights, and driving. [R. 33]. The ALJ determined that Plaintiff is unable to perform her past relevant work, however, based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 38-39]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts the ALJ erred as a matter of law in failing to properly consider the opinion of the treating physician. [Dkt. 13, p. 6].

## **Analysis**

Treating Physician's Opinion

Plaintiff argues that the ALJ failed to properly consider the opinion of her treating physician, neurosurgeon Allen Rodgers, M.D. [Dkt. 13, p. 7-11]. Plaintiff contends that the ALJ's statement that the opinion of Dr. Rodgers was not fully supported by the entire

evidence of record is incorrect and not based on substantial evidence. [Dkt. 13, p. 9, R. 36].

A treating physician's opinion is accorded controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. However, if the opinion is deficient in either of these respects, it is not given controlling weight. When an ALJ decides to disregard a medical report by a claimant's physician, he must set forth specific, legitimate reasons for his decision. An ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *Watkins v. Barnhart,* 350 F.3d, 1297, 2003 WL 22855009 (10th Cir. 2003). If the ALJ decides that a treating source's opinion is not entitled to controlling weight, he must determine the weight it should be given after considering: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the treating source's opinion is supported by objective evidence; (4) whether the opinion is consistent with the record as a whole; (5) whether or not the treating source is a specialist in the area upon which an opinion is given; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. See 20 C.F.R. § 404.1527(d)(2)-(6).

In May 2013 Richard D. Thomas, M.D. referred Plaintiff to Dr. Rodgers. [R. 356]. Dr. Rodgers had previously seen Plaintiff in 2005 and 2008 and diagnosed her with multilevel cervical disc degeneration as well as lumbar disease from L2 through the sacrum. Dr. Rodgers did not believe surgery would be beneficial. [R. 392]. During Dr.

4

Rodgers' September 2013 examination, Plaintiff reported she was much better; her pain was 2-3/10 and seldom rose above 5/10. Plaintiff no longer took oxycodone or hydrocodone and took Ibuprofin if needed. The examination revealed that extension of her back was more problematic for Plaintiff than forward flexion and she avoided all bending, stooping, and lifting. [R. 392]. Plaintiff had full strength in her upper and lower extremities; no paraspinal spasms; could heel/toe walk; and no atrophy or fasciculations in her lower extremities. Plaintiff seemed very calm, not particularly depressed, and was elated with her recent improvement. [R. 394]. Dr. Rodgers also reviewed Plaintiff's cervical MRI dated June 20, 2013 and lumber MRI dated April 9, 2013 and found multilevel cervical disc degeneration with chronic cervicalgia; multilevel lumbar disc degeneration status post discectomy L4-L5 in 1984 with chronic low back pain, mechanical discogenic without neurological deficit or nerve tension signs. Dr. Rodgers was of the opinion Plaintiff should retire from her current employment and remain temporarily disabled. [R. 394-396].

On November 14, 2013, Dr. Rodgers found Plaintiff's arms and legs were strong and straight leg raises caused very little pain. He recommended Plaintiff return to gainful employment on November 25, 2013 without restrictions. [R. 388, 390]. On November 19, 2013 and December 15, 2013, Dr. Rodgers was of the opinion that Plaintiff could return to work with limitations of lifting no more than 15 pounds; no overhead activities; and the imposition of several postural limitations. [R. 384-386]. On March 12, 2014, Dr. Rodgers opined Plaintiff could return to work once she received consent from Dr. Boone[2] in a modified position with no bending, lifting, stooping, or carrying over 10 to 15 pounds away

---

[2] Bradford Boone, M.D., treated Plaintiff in relation to her shoulder impairments. [R. 398-414].

from the body. [R. 375]. On May 1, 2014 Dr. Rodgers noted that physical therapy had been helpful and Plaintiff stated that she was getting stronger. Dr. Rodgers was unsure whether Plaintiff could go back to work in any position that required bending, stooping, and lifting. [R. 451]. Just days later on May 7, 2014, Dr. Rodgers was of the opinion that Plaintiff had no ability to work. [R. 597]. On June 6, 2014, Dr. Rodgers opined that it would not be best for Plaintiff to return to her same position and she remained temporarily totally disabled. [R. 447, 449]. In July 2014, it was Dr. Rodgers' opinion that Plaintiff was restricted to lifting up to 10 pounds; no repetitive lifting over 10 pounds; and no repetitive activities. In August 2014, Dr. Rodgers opined that Plaintiff had no ability to work; severe limitation of functional capacity; and was incapable of minimal activity. [R. 599].

The ALJ addressed Dr. Rodgers' opinions as follows:

> Although a treating source, the varying opinions of Dr. Rodgers are given little weight. The majority of Dr. Rodger's (sic) opinions reflects temporary restrictions and do not provide an assessment of the claimant's overall functional capacity. For example, Dr. Rodgers' assessment shifting from finding that claimant could not work prior to her shoulder surgery to finding that she could return to work with restrictions after her surgery, with approval of Dr. Boone. One month after he assessed that the claimant could return to work with restrictions in July 2014, he opined that the claimant had no ability to work in August 2014. Dr. Rodgers did not specify, and the record does not demonstrate a marked worsening in the claimant's physical condition to support such change in his opinion. Instead, subsequent evidence indicates that the claimant has demonstrated improvements. (Exhibits 7F/7; 21F/2-3; 27F). Therefore, the opinion of Dr. Rodgers is not fully supported by the entire evidence of record. Additionally, whether a claimant is "disabled" is reserved for the Social Security Commissioner.

[R. 36].

As a treating physician, Dr. Rodgers' opinion was entitled to deference. However, the ALJ accorded little weight to Dr. Rodgers' opinion as it is internally inconsistent. As noted by the ALJ, from September 2013 through August 2014 Dr. Rodgers offered several opinions that conflicted with the extent of Plaintiff''s functional restrictions and her ability to work. [R. 36]. Dr. Rodgers' opinions reflect temporary restrictions and do not provide an assessment of Plaintiff's overall functional capacity. Further, subsequent evidence indicates Plaintiff made improvements. [R. 36, 380-81, 631-32, 721]. The court finds the reduced weight given to Dr. Rodgers' opinion by the ALJ is justified by these inconsistencies and is supported by substantial evidence.

Plaintiff also argues that the ALJ did not properly considered all of the factors provided in 20 C.F.R. § 404.1527 as required by Social Security Ruling (*SSR*) 96-2p and *Watkins v. Barnhart,* 350 F.3d 1297 (10th Cir. 2003). [Dkt. 13, p. 11]. Plaintiff contends that the ALJ did not discuss the length of Plaintiff's treatment and frequency of examinations with Dr. Rodgers, the nature and extent of the treatment relationship, nor the kinds of examinations performed by Dr. Rodgers. Further, the ALJ did not discuss the degree to which Dr. Rodgers' opinion was supported by relevant evidence. [Dkt. 13, p. 10]. The court does not agree.

The ALJ listed the factors and the denial decision reflects that he adequately considered them. [R. 34, 36]. The ALJ acknowledged Dr. Rodgers as Plaintiff's treating physician and noted his specialization as a neurosurgeon. The ALJ discussed Dr. Rodgers' treatment records from September 2013 through August 2014 which demonstrated Plaintiff's improvement. The ALJ also outlined Dr. Rodgers' inconsistent opinions, which he found not fully supported by the evidence. [R. 36]. As Plaintiff

7

acknowledged it is not necessary for the ALJ to address each factor expressly or at length. [Dkt. 13, p. 10].  First, " 'not every factor for weighing opinion evidence will apply in every case.' "  *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir.2007) (quoting SSR 06-03p, 2006 WL 2329939, at *5, with regard to identical factors under 20 C.F.R. § 404.1527(d)).  Second, we do not require an explicit discussion of the factors in a decision. *Id.* All that is required is that "good reasons" are given in a decision, *id.*, and that "the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case[,]"  *SSR* 06-03p, 2006 WL 2329939, at *6.  The court finds the ALJ properly considered the factors provided in 20 C.F.R. § 404.1527.

## **Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 15th day of November 2018.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

8